UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20382-BLOOM/Louis

ANTONIO VALIENTE,

    Plaintiff,

v.

HOLIDAY CVS, LLC, d/b/a
CVS PHARMACY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Holiday CVS, LLC's ("Defendant") Motion to Dismiss and to Compel Arbitration, ECF No. [17] ("Motion"). Plaintiff Antonio Valiente ("Plaintiff") filed a response to the Motion, ECF No. [19] ("Response"), to which Defendant replied, ECF No. [21] ("Reply"). The Court has carefully reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part.

In his Complaint, ECF No. [1], Plaintiff asserts a single claim for violation of the Family and Medical Leave Act against Defendant, his employer. According to Defendant's Motion, Plaintiff voluntarily entered into an employment agreement with Defendant. The Agreement contained an arbitration provision requiring the parties to arbitrate any employment-related claims with Defendant, such as the one Plaintiff asserts in this action. In his Response, Plaintiff does not dispute that all of the issues between the parties in this case are subject to arbitration, but argues that the Court should stay, rather than dismiss, this case pending arbitration. *See* ECF No. [19] at 1. Defendant's Reply advocates that dismissal is warranted because all of the issues in this case

are arbitrable, but nonetheless does not object to a stay of the proceedings pending arbitration. ECF No. [21] at 3 n.1.

> Section 3 of the Federal Arbitration Act ("FAA") states:
>
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay* the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

Despite this mandatory statutory language, "[t]here is a circuit split as to whether a district court should dismiss claims in favor of arbitration or stay the proceedings and refer the claims to arbitration." *Falkner v. Dolgencorp, LLC*, No. 2:19-cv-598-GMB, 2020 WL 470292, at *3 n.1 (N.D. Ala. Jan. 29, 2020) (citing *Lee v. Comcast Cable Commc'ns, Inc.*, No. 7:13-cv-01288-RDP, 2015 WL 4619806, at *8 (N.D. Ala. July 31, 2015)), *reconsideration denied*, No. 2:19-cv-598-GMB, 2020 WL 1345490 (N.D. Ala. Mar. 23, 2020); *see also McGhee v. Mariner Fin., LLC*, No. 1:19-cv-00934-TWT-JFK, 2019 WL 5491825, at *6-7 (N.D. Ga. Aug. 7, 2019) (collecting cases and discussing the split in the Eleventh Circuit), *report and recommendation adopted sub nom.*, *McGhee v. Equifax Info. Servs., LLC*, No. 1:19-cv-934-TWT, 2019 WL 5491811 (N.D. Ga. Sept. 5, 2019); *Tuck v. Wyle CAS Grp., Inc.*, No. 5:14-cv-1282-LSC, 2014 WL 5020066, at *2 (N.D. Ala. Sept. 16, 2014) ("There does not appear to be a consensus as to whether a district court may dismiss rather than stay an action when compelling arbitration of all claims.").[1]

---

[1] *Compare Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (emphasis in original)), *and Choice Hotels Int'l., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."), *with Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269-71 (3rd Cir. 2004) ("Here, the plain language of § 3 affords a district court no discretion

The United States Court of Appeals for the Eleventh Circuit has explained that, "when a dispute is arbitrable, entry of a § 3 stay is mandatory." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1238 (11th Cir. 2008) (citation omitted); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC, USW Local 200 v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015) ("[S]ection 3 qualifies the mandatory nature of any stay it authorizes by requiring a party to apply for the stay: 'the court . . . shall *on application of one of the parties* stay the trial.'" (quoting 9 U.S.C § 3)); *Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004) ("For arbitrable issues, the language of Section 3 indicates that the stay is mandatory."); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that the state law claims were subject to arbitration, but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." (citing 9 U.S.C. § 3)); *Lloyd*, 369 F.3d at 269 ("Here, the plain language of § 3 affords a district court no discretion to dismiss a case *where one of the parties applies* for a stay pending arbitration."); *but see Samadi v. MBNA Am. Bank, N.A.*, 178 F. App'x 863, 864, 866 (11th Cir. 2006) (affirming district court's dismissal of case when compelling arbitration without discussing a stay); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (same); *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1315-16, 1318 (11th Cir. 2005) (same).

Nevertheless, "[w]hile the Eleventh Circuit has vacated a district court's dismissal of claims subject to arbitration and remanded the case with instructions to stay all claims pending arbitration, it has also affirmed district court orders compelling arbitration and dismissing the

---

to dismiss a case where one of the parties applies for a stay pending arbitration. The direction that the Court 'shall' enter a stay simply cannot be read to say that the Court shall enter a stay in all cases except those in which all claims are arbitrable and the Court finds dismissal to be the preferable approach.").

underlying cases . . . ." *Tuck*, 2014 WL 5020066, at *2 (citing *Bender*, 971 F.2d at 699; *Samadi*, 178 F. App'x at 866; *Caley*, 428 F.3d 1359).

> Within this District, a number of courts have dismissed the case where all claims were subject to arbitration. *See Perera v. H & R Block Eastern Enters., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012); *Kivisto v. Nat'l Football League Players Assoc.*, No. 10-24226-CIV, 2011 WL 335420 (S.D. Fla. Jan. 31, 2011); *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635 (S.D. Fla. Mar. 26, 2003); *Caley v. Gulfstrearn Aerospace Corp.*, 333 F. Supp. 2d 1367 (N.D. Ga. 2004) (compelling arbitration and dismissing the case), *aff'd*, 428 F.3d 1359 (11th Cir. 2005); *Athon v. Direct Merchants Bank*, No. 5:06-cv-l, 2007 WL 1100477 (M.D. Ga. 2007), *aff'd*, 251 F. App'x 602 (11th Cir. 2007). "A case in which arbitration has been compelled may be dismissed in the proper circumstances, such as when *all* the issues raised in . . . court must be submitted to arbitration." *Olsher*, 2003 WL 25600635, at *9.

*Hodgson v. NCL (Bah.), Ltd.*, 151 F. Supp. 3d 1315, 1316-17 (S.D. Fla. 2015); *see also Abellard v. Wells Fargo Bank, N.A.*, No. 19-cv-60099, 2019 WL 2106389, at *4 (S.D. Fla. May 14, 2019); *Allen v. Brookdale Senior Living*, No. 5:19-cv-00125-TES, 2019 WL 2518134, at *3 n.3 (M.D. Ga. June 18, 2019); *Royal v. CEC Entm't, Inc.*, No. 4:18-cv-302, 2019 WL 2252151, at *5 (S.D. Ga. May 24, 2019); *Caley*, 333 F. Supp. 2d at 1379 (dismissing without prejudice all of plaintiff's claims because "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (emphasis in original) (quoting *Alford*, 975 F.2d at 1164)), *aff'd*, 428 F.3d at 1379 ("[T]he district court properly granted defendants' motions to dismiss and compel arbitration.").

Ultimately, however, the Eleventh Circuit "has [] indicated that a stay, rather than dismissal, is preferred where a stay is requested." *Stephens v. Checkr, Inc.*, No. 8:19-cv-2252-T-36AAS, 2019 WL 8138178, at *8 (M.D. Fla. Nov. 25, 2019); *see also Branch v. Ottinger*, 477 F. App'x 718, 721 (11th Cir. 2012) ("A district court is required to stay a pending suit when it is satisfied that only arbitrable issues remain." (citing *Klay*, 389 F.3d at 1203-04)); *VVG Real Estate Invs. v. Underwriters at Lloyd's, London*, 317 F. Supp. 3d 1199, 1207 (S.D. Fla. 2018); *Spinner v.*

*Credit One Bank, N.A.*, No. 6:17-cv-340-Orl-37TBS, 2017 WL 6731967, at *1 n.1 (M.D. Fla. Dec. 29, 2017); *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-cv-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014); *Garner v. Family Sec. Fed. Credit Union*, No. 5:14-cv-01454-MHH, 2014 WL 12614483, at *1 (N.D. Ala. Oct. 1, 2014) ("While the Eleventh Circuit has upheld both dismissals and stays pending arbitration, it seems to regard a stay as the more sound approach." (citations omitted)). Likewise, "dismissal appears to be, if anything, a discretionary alternative to the stay otherwise mandated by the FAA." *Coker v. Instant Checkmate, LLC*, No. 1:19-cv-736-TFM-B, 2020 WL 71271, at *1 (S.D. Ala. Jan. 7, 2020); *see also Cusolito v. Citibank, N.A.*, No. 17-cv-60963, 2017 WL 8890662, at *3 (S.D. Fla. Oct. 6, 2017) ("[D]istrict courts are vested with discretion to determine whether stay or dismissal is appropriate." (quoting *Swartz v. Westminister Servs., Inc.*, No. 8:10-cv-1722-T-30AEP, 2010 WL 3522141, at *2 (M.D. Fla. Sept. 8, 2010))); *U.S.A. Institutional Tax Credit Fund LXXI, L.P. v. Brownsville Vill. III, LLC*, No. 16-20456-CIV, 2016 WL 10934345, at *4 (S.D. Fla. June 8, 2016) (same).

Here, because the express language of the FAA requires that a district court stay a case where it determines that the claims asserted are arbitrable,[2] and because Plaintiff has specifically objected to dismissal and requested that the Court stay these proceedings, the Court finds that staying this case pending arbitration is appropriate. *See Herrera v. W. Flagler Assocs., Ltd.*, No. 17-20872-CIV, 2017 WL 9324515, at *4 (S.D. Fla. Apr. 5, 2017) (granting stay of case while parties arbitrate claims asserted where the plaintiff argued that a stay, rather than dismissal, was the appropriate relief); *Lee*, 2015 WL 4619806, at *8 (granting stay where the defendants specifically requested it); *Tuck*, 2014 WL 5020066, at *2 ("Defendant requested dismissal or a

---

[2] "The Act also provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, § 3; and it authorizes a federal district court to issue an order compelling arbitration if there has been a 'failure, neglect, or refusal' to comply with the arbitration agreement, § 4." *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987).

stay, in the alternative, and Plaintiff did not indicate his preference. Therefore, this action is due to be stayed, rather than dismissed, pending arbitration of Plaintiff's claims."); *Obremski v. Springleaf Fin. Servs., Inc.*, No. 8:12-cv-1594-T-33AEP, 2012 WL 3264521, at *3 (M.D. Fla. Aug. 10, 2012) ("[T]he Court determines that the arbitration provision . . . encompasses all of the claims of this case. Finding no legal constraints to foreclose arbitration, the Court concludes that arbitration is now appropriate, and this case will be stayed and administratively closed pending the completion of the alternative dispute resolution process."); *Tranchant v. Ritz Carlton Hotel Co., LLC*, No. 2:10-cv-233-FTM-29, 2011 WL 1230734, at *7 (M.D. Fla. Mar. 31, 2011) (Where the plaintiff has requested a stay, and "[i]n accordance with both the relevant provisions of the FAA and prevailing Eleventh Circuit precedent, the proceedings shall be stayed, not dismissed." (citing *Bender*, 971 F.2d at 699; 9 U.S.C. § 3)); *Tracfone Wireless, Inc. v. Blue Ocean's Distrib., LLC*, 616 F. Supp. 2d 1284, 1285 (S.D. Fla. 2009) ("The Court finds that stay of this case pending arbitration is appropriate under Section 3 of the [FAA] because Plaintiff objected to dismissal and requested a stay."); *Nicaragua Line Co. v. M/V "BARBEL P" in rem*, No. 02-20460-CIV, 2002 WL 31962193, at *3 (S.D. Fla. Oct. 18, 2002) (granting stay where the defendant requested it, despite all claims being subject to arbitration); *see also Klay*, 389 F.3d at 1204 n.15 ("To the extent that claims deemed arbitrable have not been dismissed, we affirm the district court's order that the litigation of arbitrable claims must be stayed and that arbitration of these claims must be compelled." (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987))).[3] As a

---

[3] *Cf. Phillips v. NCL Corp. Ltd.*, No. 18-23912-CIV, 2019 WL 2288987, at *2 (S.D. Fla. May 29, 2019) ("Plaintiffs request that the Court dismiss this action if it finds that the claims are arbitrable. Thus, the Court finds that dismissal of this matter is proper." (citations omitted)); *German Int'l Sch. of Fort Lauderdale, LLC v. Certain Underwriters at Lloyd's, London*, No. 19-60741-CIV, 2019 WL 2107260, at *3 (S.D. Fla. May 14, 2019) ("[W]here all issues presented in the lawsuit are arbitrable and the plaintiff has not requested a stay, the Eleventh Circuit and this Court have found that a dismissal of the lawsuit is a proper remedy." (citing *Caley*, 428 F.3d at 1379; *Perera*, 914 F. Supp. 2d at 1290; *Stapleton v. Nordstrom, Inc.*, No. 19-20193, 2009 WL 10667803, at *4 (S.D. Fla. Aug. 11, 2009), *report and recommendation adopted*, No. 09-

result, the Court finds that a stay pending arbitration is appropriate in this case. Therefore, Defendant's Motion is granted in part.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [17]**, is **GRANTED in part**.

2. The Clerk of Court is directed to **STAY** this case pending arbitration. This case shall remain CLOSED for administrative purposes only, and without prejudice to the parties to move to reopen once the arbitration has been completed.

3. Defendant's Motion to Stay Discovery and Other Pre-trial Deadlines Pending a Ruling on its Motion to Dismiss and Compel Arbitration, **ECF No. [22]**, is **DENIED AS MOOT**.

4. To the extent not otherwise disposed of, all scheduled hearings in this case are **CANCELED,** any pending motions are **DENIED AS MOOT**, and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

20193-CIV, 2009 WL 10668756 (S.D. Fla. Sept. 30, 2009))); *Jacobs v. Bank of Am. Corp.*, No. 15-cv-24585, 2019 WL 2268976, at *7 (S.D. Fla. Feb. 26, 2019) ("Here, Kohn has moved for dismissal, not a stay. Moreover, many circuits have held that when all claims are arbitrable, the Court should not stay the action, but should dismiss the action in its entirety."); *Olsher*, 2003 WL 25600635, at *9 (dismissing the case with prejudice where "each of the defendants expressly moved for a dismissal of [the plaintiff's] claims . . . . [and the plaintiff] did not request a stay in the event that arbitration was warranted"), *aff'd*, 90 F. App'x 383 (11th Cir. 2003).